## Anheuser-Busch Brewing Company v. John Kickham, sheriff, et al.

1. **PERSONAL PROPERTY**—*when possession of, will not sustain levy.* A levy upon personal property in the possession of the judgment debtor will not be sustained as against the claims of the true owner thereof where it does not appear that any credit was extended to such debtor in reliance upon his ownership of the property so in his possession.

Attachment proceeding. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

FORMAN & WHITNEL, for appellant.

DAN McGLYNN, FREELS & JOYCE and LOUDEN & CROW, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

George Diehl, who was engaged in the saloon business in the city of East St. Louis, becoming involved, a number of his creditors instituted attachment proceedings against him and the writs were levied upon certain bar fixtures in his possession. Appellant claimed to own the fixtures in question, demanded possession of them and being refused, replevied the same. In the court below a jury was waived and the court having found the issues in favor of appellees, entered judgment for the return of the property and for costs against appellant. Upon the trial the manager of appellant's business in St. Clair county, Illinois, testified that appellant purchased the fixtures from

the manufacturers and paid for the same; that they were delivered on the account of appellant to Diehl; that Diehl made arrangements to handle appellant's beer and in consideration thereof, appellant agreed to loan him this property; that appellant was to retain the ownership of the property; that witness as manager for appellant, ordered the fixtures manufactured and made the loan to Diehl; that the property was insured by appellant; that Diehl was to have the use of the fixtures so long as he handled appellant's draught beer; that the consideration of their use was his selling appellant's beer. Witness also testified, without objection, that it was the practice of brewery companies to loan saloon men fixtures and permit them to use the same in consideration of their handling the product of such companies exclusively for draught beer alone; that 90 to 95 per cent of the saloon men in East St. Louis did business in that manner.

A local agent of appellant in East St. Louis also testified, that he knew the bar fixtures in question and they were the property of appellant; that Diehl had nothing to do with buying the articles, never paid or agreed to pay anything for them; that he was present when the contract was made between appellant's manager and Diehl for the use of the fixtures; that Diehl was to use them until he quit handling appellant's beer and that they were to remain appellant's property; that Diehl left the place and abandoned the property late in October or early in November, 1902.

It was stated by appellees in the pleadings that the goods in question were the property of Diehl and had been levied upon as his property, but they introduced no evidence, except certain records of the District Court of the United States for the Southern District of Illinois showing that since this suit was commenced Diehl had been adjudged a bankrupt, and the uncontradicted proofs in the case showed that the fixtures were in fact the property of appellant. Appellees relied, however, upon the fact that appellant placed the bar fixtures in the possession of Diehl and permitted him to use them without anything to indicate to

the public that they were not his property, as being suffi-
cient to establish the right of appellees to levy upon the
same and sell them to pay Diehl's indebtedness. They
rely upon the well-established principle approved in the
case of Williams v. Fletcher, 129 Ill. 356, that, "Where
the true owner holds out another, or allows him to appear,
as the owner of or as having full power of disposition over
the property and innocent third parties are thus led into
dealing with such apparent owner, they will be protected."
But in this case there was no proof whatever that innocent
third parties were led into dealing with Diehl under the
belief that he was the owner of the fixtures in question.
When appellant made out his *prima facie* case by showing
that it was in fact the true owner of the bar fixtures in
question, although Diehl was in possession of them, ap-
pellees, in order to maintain their defense, were called upon
to show some reason why, notwithstanding that fact, ap-
pellant should be estopped in law from asserting it against
the creditors of Diehl. This they failed to do, and as the
proofs in the record show that appellant was the owner of
the property in question at the time it sued out the writ of
replevin and as no reason was shown why it should be
estopped from asserting its title as against the attaching
creditors, the judgment of the court below must be re-
versed.

Finding of facts, to be incorporated in the judgment of
the court:

We find that at the time appellees levied upon the bar
fixtures in question, such fixtures belonged to and were the
property of appellant.

We further find that the attaching creditors were not
led into dealing with Diehl under the belief that he was
the owner of said fixtures.

*Reversed with finding of facts.*